# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3203 | **DATE** | 3/11/2011 |
| **CASE TITLE** | Wallis vs. USA Baby, Inc. | | |

**DOCKET ENTRY TEXT**

The order of the bankruptcy court entered March 11, 2009 is affirmed. Appeal is dismissed. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

---

## STATEMENT

These consolidated cases are appeals by Scott Wallis, once President and a minority shareholder of the debtor, USA Baby, Inc., in Bankruptcy Case No. 08 B 23564, from interlocutory orders of the bankruptcy court relating USA Baby's involuntary bankruptcy. Both orders were entered March 11, 2009. Case No. 09 C 3203 appeals an order denying Wallis's motion for equitable relief. Bankr. Dkt. No. 176. Case No. 09 C 3206 appeals an order denying his motion to reconsider objections to the trustee's motion to convert the case to Chapter 7 and vacate the order granting the trustee's motion. Bankr. Dkt. No. 177. Both notices of appeal were timely filed, on March 23, 2009. *See* Fed. R. Bankr. P. 8002. The bankruptcy court's jurisdiction was based on 28 U.S.C. §§ 157(b)(2)(A) and 1334. This court's jurisdiction rests on 28 U.S.C. §§ 158(a)(3) and 1334. Section 158(a)(3) requires leave of court to appeal an interlocutory order. Wallis did not move for leave to appeal, but leave was implicitly granted by this court's entering briefing schedules on the appeals.

## I.      Case No. 09 C 3203

The motion for equitable relief, a 50-page document, sought wide ranging relief against the chapter 7 trustee, Barry A. Chatz, regarding his intentions to sell the assets of the debtor to a majority shareholder and/or certain franchisees. Among other things, Wallis alleged RICO violations by various participants in the bankruptcy proceedings, including the majority shareholder, the trustee, and certain "disgruntled franchisees." He also asked the court to grant equitable relief in the following terms:

> This Honorable Court has a duty to follow the principles of equity set forth by the Supreme Court and right the wrong that has been done against Innocent Parties by RICO Parties, and restore Innocent Parties to the position they would have enjoyed in the absence of the fraudulent activities by RICO Parties.

Bankr. Dkt. 176, ¶ 25.  He then argued against conversion of the chapter 11 case to a chapter 7 as "against the interests of equity."  He also argued that he had standing under 11 U.S.C. § 1109(b) as a "party in interest" to be heard, although he did not specify the basis on which he claimed to be a party in interest.  Section 1109(b) identifies parties in interest as "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee."  Wallis is none of these.

The bankruptcy court denied the motion "for reasons stated on the record."  Wallis has not provided a transcript of the hearing, however, so this court can only surmise what the reasons were.  It is at least apparent that the bankruptcy court does not have original jurisdiction to rule on Wallis's RICO claim, which implicates individuals, not the debtor.  It is also apparent that the bankruptcy court is not a court of equity.  Rather, its jurisdiction derives from 28 U.S.C. § 157, which is to hear and determine cases arising under title 11 of the United States Code, namely, the Bankruptcy Code.  Thus, without question, the bankruptcy court's denial of equitable relief by righting the wrongs done to innocent parties was a correct decision.

## II.    Case  No. 09 C 3206

The motion to reconsider Scott Wallis's objections to the trustee's motion to convert the case to Chapter 7 and to vacate the order granting that motion was also supported by a 50-page brief setting out Wallis's version of the facts and arguing that the chapter 11 trustee's motion to convert the case was wrong and the court was obligated to grant equitable relief and restore Wallis and certain others "to a state that is free from and absent those frauds that have taken place in furtherance of this racketeering enterprise, vacate the order converting the case, appoint USA Baby and its officers [Wallis and another individual] as debtors-in-possession."  Again Wallis has not submitted a transcript of the hearing in which the bankruptcy court stated its reasons for denying the motion, but this court's opinion in Case No. 09 C 4989 (Dkt. No. 19) reflects its findings that the business was no longer operating, that the estate had no assets, and that any recovery against franchisees would be subject to a security interest in favor of a lender institution.  Wallis does not identify in his 50-page memorandum any basis under title 11 for finding that conversion of the case was contrary to law. *See* 11 U.S.C. § 1112(b)(4).
For these reasons, the appeal is without merit.

## III.    Conclusion

Wallis makes a wide variety of constitutional arguments that are based on his notions of fairness, in particular that he should be allowed to control USA Baby and that the involuntary bankruptcy was unjust and prejudicial to his interests.  The arguments have been considered and are denied as lacking any merit.